E-FILED
Friday, 12 March, 2010  08:34:56 AM
Clerk, U.S. District Court, ILCD

# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

**Plaintiff**

DELBERT HEARD

vs.

Case No. 09-1047

*(The case # will be assigned by the clerk)*

**Defendant(s)**

ILL. GOVERNOR PAT QUINN,
JOSEPH MATHY, GUY PIERCE,
ROGER E. WALKER JR.,
MICHAEL P. RANDLE AND
SUSAN K. PRENTICE.

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## AMENDED COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action*

42 USC § 1983

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. **This is not the form to file a habeas corpus petition.***

*(against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☒ **42 U.S.C. §1983 (state, county or municipal defendants)**

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

**A. Plaintiff:**

Full Name: DELBERT HEARD

Prison Identification Number: ~~B~~ B76789

Current address: PONTIAC PRISON, PO BOX 99, PONTIAC IL 61764

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

**B. Defendants**

Defendant #1:

Full Name: MICHAEL P. RANDLE

Current Job Title: DIRECTOR OF IDOC

2

Current Work Address 1301 CONCORDIA COURT, SPRINGFIELD, IL 62764

**Defendant #2:**

Full Name: ~~JOSEPH MATHY~~ ROGER E. WALKER JR.

Current Job Title: FORMER DIRECTOR OF IDOC

Current Work Address 1301 CONCORDIA COURT, SPRINGFIELD, IL 62764

**Defendant #3:**

Full Name: ILLINOIS GOVERNOR PAT QUINN

Current Job Title: GOVERNOR OF ILLINOIS

Current Work Address THOMPSON CENTER, 100 W. RANDOLPH ST., CHICAGO, IL 60601

**Defendant #4:**

Full Name: GUY PIERCE

Current Job Title: WARDEN OF PONTIAC PRISON

Current Work Address 700 W. LINCOLN, PONTIAC, IL 61764

**Defendant #5:**

Full Name: JOSEPH MATHY

Current Job Title: FORMER WARDEN OF PONTIAC PRISON

Current Work Address 700 W. LINCOLN, PONTIAC, IL 61764

*For additional defendants, provide the information in the same format as above on a separate page.*

Defendant #6 **SUSAN K. PRENTICE**, LIEUTENANT AT PONTIAC PRISON 700 W. LINCOLN, PONTIAC, IL 61764

3

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

**A.** Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?  Yes ■  No ☐

If yes, please describe  IN NORTHERN DISTRICT, VOLUNTARY DISMISSAL FOR MOOTNESS, DUE TO TRANSFER NO INJUNCTIVE RELIEF AVAILABLE.

**B.** Have you brought any other lawsuits in federal court while incarcerated?

Yes ■   No ☐

**C.** If your answer to B is yes, how many? __4__  Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number  1st, 2nd & 3rd Northern Dist, 94C4702, 98C3512 and 06C0644, 4th Southern Dist. 09 c 0449

2. Basic claim made  94C4702 Unconstitutional Jail conditions. 98C3512 & 06C0644 & 09 C 0449 Deliberate Indifference to medical needs.

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?)  94C4702 Dismissed 12(b)6, 98C3512 Dismissed Summary Judgement. 06C0644 & 09 C 0449 still pending.

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court*

4



**Illinois
Department of
Corrections**

PAT QUINN
Governor

MICHAEL P. RANDLE
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

June 11, 2009

Delbert Heard
Register No. B76789
Pontiac Correctional Center

Dear Mr. Heard:

This is in response to your grievance received on April 8, 2009, regarding admininstrative policy (Double celling 049226), which was alleged to have occurred at Pontiac Correctional Center. This office has determined the issue will be addressed without a formal hearing.

In your grievance you state that, in general, double celling inmates is dangerous and stressful. You request to be single-celled for the remainder of your prison sentence.

The Grievance Officer's Report and subsequent recommendation dated March 16, 2009 and approval by the Chief Administrative Officer on March 17, 2009 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Brian Fairchild
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Michael P. Randle
Director

cc:  Acting Warden Joseph Mathy, Pontiac Correctional Center
     Delbert Heard, Register No. B76789

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 5-15-06 | Offender: (Please Print) MR. DELBERT HEARD | ID#: B76789 |

Present Facility: MENARD
Facility where grievance issue occurred: MENARD

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): DANGEROUSLY BEING DOUBLE-CELLED.

Date of Report _____ / _____ / _____    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: THERE HAS BEEN A NUMBER OF PRISONERS MURDERED BY THEIR CELLMATES INCLUDING PRISONERS AT MENARD. WHEN I AM TRAPPED IN A CELL WITH DANGEROUS PRISONERS MY HEALTH & SAFETY ARE AT RISK. I HAVE TO REST AND SLEEP IN A CELL WITH A DANGEROUS PRISONER LEAVING MYSELF VULNERABLE TO BE ASSAULTED OR KILLED, OR I MAY EVEN HAVE TO KILL A CELLMATE IN ~~[redacted]~~ SELF DEFENSE IF I AM ATTACKED. I'VE BEEN ATTACKED IN THE PAST BY CELLMATES.

Relief Requested: TO BE PERMANENTLY HOUSED IN A SINGLE MAN CELL FOR MY SAFETY, ETC.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____     _____     _____ / _____ / _____
Offender's Signature                            ID#                                Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 5 / 18 / 06

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: Double celling is necessary due to limited bed space and an over burdening population.

James Alms CCII             [signature] James Alms           5 / 18 / 06
Print Counselor's Name       Counselor's Signature            Date of Response

**EMERGENCY REVIEW**

Date Received: _____ / _____ / _____    Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____    _____ / _____ / _____
Chief Administrative Officer's Signature                Date

Distribution: Master File; Offender                 Page 1                 DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
COMMITTED PERSON'S GRIEVANCE

| Date: 12-28-06 | Committed Person: (Please Print) Mr. Delbert Heard | ID#: B76789 |
|---|---|---|
| Present Facility: MEN | Facility where grievance issue occurred: MEN | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [ ] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [x] Other (specify): Failure to respond to grievances
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Disciplinary Report: ___/___/___   Date of Report   Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: The following eight (8) grievances in the attached Group Exhibits were timely filed, yet not responded to by the grievance Officer:

1) Staff Conduct - Interference With Medical Treatment, Excessive Force & Lynching.
   Couselor's Response 5-12-06

2) Staff Conduct - Deliberate Indifference To Medical Needs.
   Counselor's Response 5-18-06

3) Dangerously Being Double-Celled
   Counselor's Response 5-18-06

Relief Requested: ( See Reverse Side )

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____  _____  ___/___/___
Committed Person's Signature   ID#   Date

(Continue on reverse side if necessary)

**Counselor's Response (If applicable)**

Date Received: 1/2/07

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: The Grievance Office states they have no record of receiving these grievances.

James Alms CCII          [signature]           1/2/07
Print Counselor's Name   Counselor's Signature   Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____   ___/___/___
Chief Administrative Officer's Signature   Date

Distribution: Master File; Committed Person          Page 1          DOC 0046 (Eff.10/2001)
                                                                      (Replaces DC 5657)
Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
COMMITTED PERSON'S GRIEVANCE (Continued)     DOC 0046, Page 2

4) Dangerous Exposure To Environmental Tobacco Smoke - ETS
    Counselor's Response 5-18-06

5) Substantial Burden On Religious Exercise
    Counselor's Response 5-18-06

6) Staff Conduct - Violation Of HIPPA - Deliberate Indifference To Serious Medical Needs
    Counselor's Response 7-18-06

7) Extreme Temperatures, Health Risk
    Counselor's Response 8-15-06

8) Staff Conduct - Violation Of HIPPA
    Counselor's Response 9-6-06

RELIEF REQUESTED:
    For my eight (8) grievances listed above to be responded to.

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

### Grievance Officer's Report

Date Received: *January 12, 2002*    Date of Review: *June 21, 2007*    Grievance # (optional): *49-1-07*

Offender: **Heard**    ID#: **B76789**

Nature of Grievance: *Staff Conduct*

Facts Reviewed: *Grievant alleges that the 8 (grievances not attached) attached grievances have not been responded to. Inmate is requesting that his 8 grievances be responded to.*

Recommendation: *This officer failed to find sufficient evidence to substantiate inmate's allegations. All grievances received for May, July, and August of 06 have been addressed. I recommend grievance be denied.*

_Tyone Murray_
Print Grievance Officer's Name                    Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: *June 22, 2007*    ☒ I concur   ☐ I do not concur   ☐ Remand

Comments:

_D- Hulich_    6/22/07
Chief Administrative Officer's Signature    Date

### Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Offender's Signature    B76789    7-2-07
                       ID#      Date



**Rod R. Blagojevich**
Governor

**Illinois Department of Corrections**

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

August 11, 2005

Delbert Heard
Register No. B76789
Stateville Correctional Center

Dear Mr. Heard:

This is in response to your grievance received on July 28, 2005, regarding administrative policy (double celling of offenders), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated June 20, 2005 and approval by the Chief Administrative Officer on July 7, 2005 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc: Warden Dierdre Battaglia, Stateville Correctional Center
Delbert Heard, Register No. B76789

*in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ☒   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

  Yes ☒   No ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed?   Yes ☒   No ☐

## V. STATEMENT OF CLAIM

**Place(s) of the occurrence** CONTINUOS INJURY FROM STAVILLE PRISON TO MENARD PRISON AND CURRENTLY AT PONTIAC PRISON.

**Date(s) of the occurrence** CONTINUOUS INJURY starting at STATEVILLE FROM 3/03 - 3/06 to MENARD PRISON FROM 3/06-1/08 & at PONTIAC PRISON FROM 1/08 to PRESENT.

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

**THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED.** *Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

  I bring this action against the named defendants who while acting under the color of state law have deprived me of my rights secured by law and the U.S. constitution as follows:

5

Cellmate assaults are common occurence in IDOC maximum security prisons. IDOC prisoners have actually been killed at the hands of their cellmates. The employee UNION AFSCME Council 31, which represents guards at PONTIAC PRISON, on June 12, 2004 issued a legislative fact sheet that avers, "double-celling impacts safety" and that "inmate deaths... were directly linked to double-celling. (See Exhibit A)

I've been imprisoned at PONTIAC PRISON'S PROTECTIVE CUSTODY UNIT (PC) from January 2008 to present. PC is supposedly designed for the protection of prisoners; yet my safety is at risk by me being double-celled. I've been attacked and fought with many varying cellmates at Stateville, Menard & Pontiac Prison and I've suffered some physical injuries. I was double-celled at Stateville (STA) from 3/03 til 3/06, at Menard (MEN) from 3/06 til 1/08 and now at Pontiac (PON) from 1/08 to present.

Besides the obvious risk to my safety that double-celling poses, double-celling also gives varying cellmates access to my priviledged attorney-client correspondence which violates my privacy rights. Also, double-celling gives my varying cellmates / dangerous criminals access to my family's personal information, i.e. theds names

6

and addresses, though the correspondence that they send me. This has resulted in my wifes address being accessed by a prisoner who wrote my wife an obscene letter. This condition chills my family's and my right to correspond with each other.

IDOC's policy of generally double-celling maximum security prisoners and consequently double-celling me at STA, MEN & PON prisons with varying dangerous prisoners poses a substantial risk to my life & safety, breaches my privacy in attorney-client communication and chills my right to correspond with my family, all which are a <u>continuous injury</u>[1] in violation of the 1ST, 6TH & 8TH amendment of the U.S. Constitution.

## A. DEFENDANT GOVERNOR PAT QUINN

Governor Quinn has been the Governor of Illinois since the winter of 2008. On March 12, 2009 Quinn issued a press release that stated, "Housing two maximum security inmates in a single-cell significantly increases the risk of violence" (See Exhibit B)

---

[1] See <u>Heard v Sheahan</u>, 253 F.3d 316, HN[7] (7th Cir. 2001) ("When a single event gives rise to a <u>continuing injury</u>, the plaintiff can bring a single suit based on an estimation of his total injuries, and that mode of procedure is preferred over piecemeal litigation despite possible loss of accuracy")

7

Quinn being well aware of the substantial risk to my life & safety that is posed by me being double-celled, he is culpable in his individual capacity for deliberate indifference to my right to safety in which he has facilitated, condoned and consented to a policy of dangerously double-celling maximum security prisoners which consequently results in me suffering physical injuries, the continuous injury of a threat to my life & safety, deprivation of rights and continuous mental anguish.

## B. DEFENDANTS FORMER DIRECTOR ROGER E. WALKER AND CURRENT DIRECTOR MICHAEL P. RANDLE

Randle has been the director of IDOC since spring of 2009. Walker was the director of IDOC during the period from 3/03 til spring of 2009. Besides Randle's and Walker's knowledge from it being obvious from the common assaults and murders by cellmates that double-celling maximum security prisoners impacts safety, on a few occassions when Walker toured STA approximately in spring of 2003 & summer of 2005 and when Randle visited PON in approximately summer of 2009 I orally-personally complained to them about the substantial threat to my life & safety, and to my attorney-client privacy and the chilling of my right to correspondence that double-celling poses. On both occasions I requested of them to be single-celled for my safety. I've also addressed these issues to Randle & Walker through formal grievances.

8

Randle & Walker in their individual capacities are/were deliberately indifference to my right to safety, attorney-client privacy & correspondence in which they facilitated, condoned and consented to a policy of dangerously double-celling maximum security prisoners which consequently results in me suffering physical injuries, the continuous injury of a continuous threat to my life & safety, deprivation of rights and continuous mental anguish.

### C. DEFENDANTS, FORMER WARDEN JOSEPH MATHY AND WARDEN GUY PIERCE.

Pierce is the current warden of PON and Mathy is his predeccesor. Both Pierce and Mathy were wardens during the time period that I have been in PON PC from 1/08 to present. Besides Pierces's and Mathys Knowledge from it being obvious from the common assaults and murders by cellmates that double-celling maximum security prisoners impacts prisoner's safety, on a couple occasions I have orally-personally and through written grievances complained to them about the substantial risk to my life, safety and other rights that are posed by me being double-celling and I requested of them to be single-celled.

Pierce and Mathy in their individual capacities are deliberately indifferent to my right to safety in which they have facilitated, condoned and consented to a policy of dangerously double-celling maximum security prisoners which consequently results in me suffering physical injuries a continuous injury of a threat to my life, and safety, deprivation of rights and continuous mental anguish.

9

## RELIEF REQUESTED

*(State what relief you want from the court.)*

D. DEFENDANT LIEUTENANT SUSAN K. PRENTICE

Prentice was assigned to Administrate PC at PON from approximately spring of 2009 to Winter of 2009. Prentice has a personally policy of deliberately double-celling prisoners together who are enemies or who do not get along. Prentice's actions caused an exacerbated threat to prisoner safety above the normal threat

**JURY DEMAND**   Yes ☒   No ☐

Signed this ___11th___ day of ___MARCH___, 20_10_.

_____
*( Signature of Plaintiff)*

10

| Name of Plaintiff: DELBERT HEARD | Inmate Identification Number: B76789 |
|---|---|
| Address: PO BOX 99 PONTIAC, IL 61764 | Telephone Number: |

AFSCME issues "fact sheet" on prison    Case 3:10-cv-00211-JPG  Document 25  Filed 03/16/10  Page 18 of 19  Page ID #151    Page 2 of 3

EXHIBIT A

AFSCME also addressed the issue of double-celling maximum-security inmates.

"Most states do not double-cell maximum security inmates -- it is a violation of American Correctional Association accreditation standards to do so, Yet at Pontiac, a facility that is supposedly focused on segregation, fully 37 percent of inmates are double- or multi-celled -- most of them inmates in protective custody," according to AFSCME.

Pontiac is one of only three maximum-security facilities remaining in Illinois after the closing of Joliet Correctional Center in 2002. AFSCME said that double-celling is much worse at Illinois' other two maximum-security prisons. At Stateville 87 percent of inmates are double- or multi-celled and 88 percent are double-celled at Menard.

"Double-celling impacts safety. There were inmate deaths in the last nine months in DOC facilities -- as many as in the previous five years. Three were in maximum facilities and were directly liked to double-celling. The solution is not to replace PCC by opening Thomson, but to open Thomson and reduce the double-celling," AFSCME said.

The AFSCME-released information also details budgetary concerns and voices concerns about what would happen to Pontiac's 94-bed mental health unit and if Thomson could be configured in less than six months to take that unit as well as the condemned unit and the orientation unit.

Follow Ups:

---

## Post a Followup

**Name:**

**Email:**

**Subject:**
Re:AFSCME issues "fact sheet" on prison

**Message**
:
http://www.pontiacdailyleader.com/articles/2004/06/10/news/news1.txt

: AFSCME issues "fact sheet" on prison

Optional Image URL:
http://

Optional Link URL:          Optional Link Title:
http://

☐ Notify me by email of all message replies.

EXHIBIT B



OFFICE OF THE GOVERNOR
PAT QUINN - GOVERNOR

# NEWS

**FOR IMMEDIATE RELEASE**
March 12, 2009

### Governor Pat Quinn to keep Pontiac Correctional Center open
*Cites fiscal responsibility and job security for the nearly 600 employees and their families*

SPRINGFIELD – March 12, 2009. Governor Quinn announced that he will keep Pontiac Correctional Center open. The decision is another step in Governor Quinn's efforts to ensure greater fiscal responsibility in state government – the prison provides nearly 600 jobs and generates an approximate $54.4 million in revenue for the region.

"Especially in these tough economic times, we must be more fiscally responsible," said Governor Quinn. "Keeping Pontiac Correctional Center open will ensure nearly 600 people in the region keep their jobs, prevent hundreds of families from being uprooted, and allow Pontiac to maintain one of its largest sources of revenue."

On May 2, 2008, then Governor Rod R. Blagojevich announced Pontiac Correctional Center would close by the end of 2008. Under that plan, the nearly 600 employees, more than 1,600 inmates, and the facility's operating budget were to be transferred to the Thomson Correctional Center, located in Carroll County in northwest Illinois.

However, the Commission on Government Forecasting and Accountability (COGFA), which studies and provides recommendations on local and regional economic and fiscal policies, released a memorandum on September 23, 2008 citing its unanimous vote (9-0) against the closure of the Pontiac Correctional Center.

Central Illinois lawmakers, elected officials, and community action groups have been vocal supporters of keeping Pontiac open, citing security of the employees and inmates as an additional reason to maintain the Pontiac facility.

The Center is the state's only facility that provides single cells for most maximum-security inmates. Housing two maximum-security inmates in a single cell significantly increases the risk of violence.

*к Sheila,*

*This is a recent article confirming Pontiac will now stay open.*
*Kind Regards*
*Wawa.*